United States District Court
Southern District of Texas
**ENTERED**
August 25, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | CRIMINAL ACTION NO. H-19-309 |
| v. § | |
| § | CIVIL ACTION NO. H-21-2774 |
| MAURICIO GARCIA-SALINAS. § | |

## MEMORANDUM OPINION AND ORDER

Defendant Mauricio Garcia-Salinas, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 26.)

Having reviewed the motion, the record, and the applicable law, the Court DENIES the motion for the reasons shown below.

### *Background and Claims*

Defendant, a citizen of Mexico illegally residing in the United States, was convicted of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 100 grams or more of heroin. The Court sentenced him to 168 months' confinement in the Bureau of Prisons on August 5, 2019, and entered a money judgment against him for over $1 million. A final judgment of conviction was entered on August 6, 2019, and no direct appeal was taken.

As his first ground for relief under section 2255, defendant states, "Compassionate release 3582(c)(1)(A) and 3582(c)(2)." As supporting facts, he states, "Amendment 78 under 18 U.S.C. § 3582(c)(2) 18 U.S.C. § 3582 and 4205(g)." *Id*., p. 4. No second ground for

relief is stated, but under his third ground for relief, defendant states, "No anser [*sic*] yet" and "no anser [*sic*] yet on my motion." *Id*., p. 7.

## *Analysis*

*No Cognizable Claim Under Section 2255*

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

In citing to statutory provisions governing compassionate release, defendant fails to raise a cognizable claim for habeas relief under section 2255. A motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) must be pursued under that particular statutory provision, and not under section 2255. Moreover, the Court denied defendant's motion for

compassionate release under section 3582(c)(1)(A) on July 29, 2020. No section 2255 relief is warranted on defendant's claims.

*Limitations Bar*

A motion made under section 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f). The Fifth Circuit Court of Appeals and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

Defendant's judgment of conviction, entered on August 6, 2019, became final 14 days later on August 20, 2019, the last day to file a timely notice of appeal. *See* FED. R. APP. P. 4(b)(1)(A)(i). Limitations expired one year later, on August 20, 2020. The instant motion, filed under section 2255 on August 18, 2021, is untimely and barred by limitations. In explaining the untimeliness of his section 2255 motion, defendant states in his motion, "Because I was going over my pepar [*sic*] and saw that I could put in a 2255 and just want to put in [a] 2255 motion on an pro/se [*sic*] an [*sic*] hope that I field [*sic*] it right." *Id.*, p. 11. Defendant shows no grounds for holding his section 2255 motion as timely filed.

Thus, even assuming defendant had raised cognizable claims for habeas relief in his section 2255 motion, his claims would be subject to dismissal as barred by the AEDPA one-year statute of limitations.

*Conclusion*

Defendant's motion for relief under section 2255 (Docket Entry No. 26) is DENIED. A certificate of appealability is DENIED. The Clerk of Court shall administratively close defendant's related civil case, C.A. No. H-21-2774 (S.D. Tex.).

Signed at Houston, Texas, on August 25, 2021.

_____
Gray H. Miller
Senior United States District Judge